## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FRANK S. WALKER, M.D., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. No. 2:17-cv-66-JRG |
| | § | |
| MEMORIAL HEALTH SYSTEM OF EAST | § | |
| TEXAS D/B/A CHI ST. LUKE'S HEALTH | § | |
| MEMORIAL HOSPITAL LUFKIN, et al. | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Before the Court is Defendants Memorial Health System of East Texas d/b/a CHI St. Luke's Memorial Lufkin ("Memorial Lufkin"); Dr. Hunt Huber, M.D.; and Dr. David Bailey, M.D.'s (collectively, "Lufkin Defendants") Motion for Reconsideration and Dissolution of the Preliminary Injunction. (Dkt. No. 39.) Also before the Court is Memorial Hospital of Polk County d/b/a CHI St. Luke's Health Memorial Livingston ("Memorial Livingston") and Memorial Health System of East Texas d/b/a CHI St. Luke's Health Memorial ("CHI St. Luke's Memorial") (collectively, "Livingston Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 41.) On June 14, 2017, the Court held a hearing on both motions at which the parties presented oral argument. After considering the briefing and argument of the parties, the Court finds that these motions should be and are hereby **DENIED**.

### I.   BACKGROUND

The Court begins with a procedural history of this matter, as a means to provide the relevant context for Defendants' motions.

A.  **Application for Temporary Restraining Order and Request for Preliminary Injunction**

Dr. Frank S. Walker, M.D. is a physician with clinical privileges at Memorial Lufkin and co-defendant Memorial Livingston. On January 19, 2017, Dr. Walker filed suit against the Lufkin Defendants alleging various state and federal causes of action. (Dkt. No. 1.) As more extensively laid out in this Court's previously-issued Memorandum Opinion and Order (Dkt. No. 16), Dr. Walker, in essence, alleges that his clinical privileges were improperly restricted by Memorial Lufkin and its governing board as a result of an unfair peer review process. Following the peer review process, Memorial Lufkin reported Dr. Walker's sanctions to the U.S. Department of Health and Human services National Practitioner Data Bank ("NPDB") in ostensible compliance with the Healthcare Quality Improvement Act ("HCQIA").

The same day Dr. Walker filed suit, he also filed an Application for Temporary Restraining Order seeking an order requiring Memorial Lufkin to submit a Void Report to the NPDB effectively withdrawing the previously-filed report. (Dkt. No. 2.) He also sought an order preventing Memorial Lufkin from submitting any subsequent report to the NPDB. (*Id.*) In Dr. Walker's brief supporting his Application for Temporary Restraining Order, he included a Request for a Preliminary Injunction. (Dkt. No. 3.) The next day, on January 20, 2017, the Court denied Dr. Walker's Application for a Temporary Restraining Order, provided an expedited briefing schedule on Dr. Walker's Request for a Preliminary Injunction, and set a hearing on said Request for Preliminary Injunction for February 2, 2017. (Dkt. Nos. 6, 7.) Thereafter, the parties provided full briefing in support of and in opposition to, as appropriate, Dr. Walker's Request for Preliminary Injunction. (*See* Dkt. Nos. 3, 10, 13.) The Court then held a five-hour hearing on Dr. Walker's Request for Preliminary Injunction at which both parties presented evidence and argument. (Dkt. No. 15.) In its briefing and at the hearing, Memorial Lufkin vaguely asserted that

it was protected from suit by "HCQIA immunity." Specifically, in its Response Brief, Memorial Lufkin cited to Congress's broad, policy-based findings supporting the general enactment of the Health Care Quality Improvement Act ("HCQIA") in support of its immunity argument—but it did not cite to any specific immunity provision. (*See* Dkt. No. 10 at 3 n.2.)

On February 8, 2017, the Court granted Dr. Walker's Request for a Preliminary Injunction, finding, in relevant part, that the Fifth Circuit's decision in *Poliner v. Texas Health Systems*, 537 F.3d 368 (5th Cir. 2008), precluded Memorial Lufkin's "HCQIA immunity" argument. (Dkt. No. 16 at 5.) In *Poliner*, the Fifth Circuit analyzed the extent to which a particular "HCQIA immunity" statute (specifically, 42 U.S.C. § 11111(a)) immunized defendants from suit. Ultimately, the Fifth Circuit concluded that "HCQIA immunity" was limited to money damages and was not applicable to suits for injunctive relief. *Poliner*, 537 F.3d at 381. As the Fifth Circuit noted, "[t]he doors to the courts remain open to doctors who are subjected to unjustified or malicious peer review, and they may seek appropriate injunctive and declaratory relief in response to such treatment." *Id.* In reliance on this decision, the Court found that Memorial Lufkin's vague assertion of "HCQIA immunity" did not immunize Memorial Lufkin from injunctive relief. (Dkt. No. 16 at 5.)

**B.     Memorial Lufkin's Motion to Stay the Court's Preliminary Injunction**

The next day, on February 9, 2017, Memorial Lufkin filed a Motion to Stay the Court's Preliminary Injunction, arguing that the NPDB did not authorize voiding a report based on a court order and that it needed time to determine whether compliance with the Court's Preliminary Injunction would require it to violate federal law. (See Dkt. No. 18.) On February 10, 2017, Dr. Walker filed a response brief in opposition to Memorial Lufkin's Motion to Stay. (Dkt. No. 19.) The Court subsequently held a telephonic hearing on Memorial Lufkin's motion to stay, at which the Court ordered Memorial Lufkin to comply with the Preliminary Injunction requiring it to

submit a Void Report with the NPDB within 12 hours and to file a notice of its compliance with the Court. Memorial Lufkin subsequently complied with both the Court's Preliminary Injunction and its Order to comply therewith and submitted a notice of compliance. (Dkt. No. 20.)

**C.     Dr. Walker's Emergency Motion to Enforce the Preliminary Injunction**

On February 13, 2017, Dr. Walker received a letter from Shawn Barnett acting for CHI St. Luke's Memorial (which controls Memorial Lufkin), which related to the peer review matter and identical proctoring restriction previously addressed by the Court in its Preliminary Injunction. (*See* Dkt. No. 25 at 2–3.) However, this particular letter addressed new actions taken with respect to and on behalf of Memorial Livingston.[1] Evidently, this letter led Dr. Walker to believe that he would again be reported to the NPDB in potential violation of this Court's Preliminary Injunction. (*See id.*) Thereafter, counsel for Dr. Walker conferred with counsel for the Lufkin Defendants concerning whether Memorial Lufkin, or any entity related thereto, intended to file a subsequent report. (*Id.* at 3.) On March 1, 2017, out of concern that a second report would be filed with the NPDB, Dr. Walker filed an Emergency Motion to Enforce Preliminary Injunction. (Dkt. No. 25.) Specifically, Dr. Walker requested that the Court "enjoin Defendant and its agents, whether acting on behalf of Memorial Lufkin or Livingston, from taking additional adverse action against Dr. Walker arising out of the peer review process that is the subject of this lawsuit, including submission of any report based upon the content and notice of action described in the February 7, 2017 letter to the NPDB. . ." (*Id.* at 9.)

The Court expedited briefing on Dr. Walker's Emergency Motion to Enforce the Preliminary Injunction (*See* Dkt. No. 26), and the Lufkin Defendants filed a Response in

---

[1] At this point in the lawsuit, Memorial Livingston was not a named Defendant or otherwise before the Court. CHI St. Luke's Memorial controls both Memorial Lufkin and Memorial Livingston. (*See* Dkt. No. 32 at ¶ 27.) Mr. Barnett had communicated with Dr. Walker on behalf of Memorial Lufkin prior to this time. This letter represented the first time Dr. Walker had received a formal communication from Mr. Barnett on behalf of Memorial Livingston.

Opposition thereto, followed by Dr. Walker's Reply Brief. (Dkt. Nos. 27, 28). On page 11 of the Lufkin Defendants' 13-page Response brief, the Lufkin Defendants purported to urge a "Motion for Rehearing" regarding the Court's Preliminary Injunction. (Dkt. No. 27 at 11.) In such "Motion for Rehearing," the Lufkin Defendants argued, *for the very first time*, that 42 U.S.C. § 11137(c) immunized Defendants from both money damages and injunctive relief. (*Id.*) Despite not urging this statute (or even mentioning it) in the first round of briefing or during the five hour preliminary injunction hearing, Defendants inexplicably argued that the Court "appeared not be clear on" this heretofore unaddressed immunity statute. (*Id.*)

The Court subsequently held a hearing Dr. Walker's Emergency Motion to Enforce the Preliminary Injunction (Dkt. No. 25) and Defendants' purported "Motion for Rehearing." (Dkt. No. 27.) At the hearing, the Court denied Dr. Walker's motion on the ground that the underlying dispute was not ripe for adjudication; the Court also denied the Lufkin Defendants' "Motion for Rehearing" on the ground that it was "not properly before the Court in light of its posture within Defendants' Response Brief and Defendants' repeated failures to comply with the Court's local rules, all as discussed on the record at [the] hearing." (Dkt. No. 36.)

**D.     Dr. Walker Amends His Complaint to Add Defendants**

On April 5, 2017, Dr. Walker amended his Complaint to add Defendants Memorial Livingston and CHI St. Luke's Memorial. (Dkt. No. 32.)

**E.     Defendants File the Present Motions**

On May 5, 2017, Defendants Memorial Lufkin, Dr. Huber, and Dr. Bailey filed the Motion for Reconsideration and Dissolution of the Preliminary Injunction. (Dkt. No. 39.) That same day, Defendants Memorial Livingston and CHI St. Luke's Memorial filed the Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1). (Dkt. No.

41.) On June 14, 2017, the Court held a hearing on both motions at which the parties presented oral argument. (Dkt. No. 56.)

## II. THE LUFKIN DEFENDANTS' MOTION FOR RECONSIDERATION

In their Motion for Reconsideration, the Lufkin Defendants urge two grounds for which this Court should reconsider its Preliminary Injunction. (Dkt. No. 39.) First, the Lufkin Defendants argue that 42 U.S.C. § 11137(c)—a statute not raised, cited, or even mentioned previously by the Lufkin Defendants—forecloses all civil liability related to NPDB reports. (*Id.* at 7.) Second, the Lufkin Defendants argue that Dr. Walker's "requested relief unravels the statutory scheme Congress created." (*Id.* at 9.)

### A. Legal Standard

In the Fifth Circuit, motions for reconsideration "may be properly considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Since Rule 59(e) motions must be filed within ten days of the judgment or order of which the party complains, motions which are "untimely" under Rule 59 are treated as motions under Rule 60. *Id.* Here, because the Lufkin Defendants' Motion for Reconsideration was filed nearly three months after the Court issued the Preliminary Injunction, the Court treats the motion as being filed pursuant to Rule 60(b).

Rule 60(b) provides six reasons for which the Court may relieve a party from a final judgment, order, or proceeding:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

6

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are "addressed to the sound discretion of the district court." *Hand v. U.S.*, 441 F.2d 529, 531 (5th Cir. 1971).

As a general matter, "[m]otions for reconsideration 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Importantly, motions for reconsideration "should not be used to raise arguments that could, and should, have been made [earlier] . . . [or] to re-urge matters that have already been advanced by a party." *Lupo v. Wyeth-Ayerst Labs.*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997). Thus, courts have observed that motions for reconsideration are "not the proper vehicles for . . . raising new arguments that could have been presented earlier." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, No. 3:10-cv-1842-G, 2012 WL 3034707, at *2 (N.D. Tex. July 25, 2012). Simply put, "[a]rguments raised for the first time in a motion for reconsideration are waived." *Johnson v. Union Pac. R.R.*, No. 5:02-cv-103-DF-CMC, Dkt. No. 109 at 3. A similar waiver rule is applied by the Fifth Circuit, which has observed that "[t]his court will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, 761 F.3d 409, 425 (5th Cir. 2014). This waiver doctrine

7

gives effect to the sentiment that "[l]itigants are expected to present their strongest case when the matter is first considered." *Tex. Instruments, Inc.*, 50 F. Supp. 2d at 621.

**B.     The Lufkin Defendants Have Waived Their § 11137(c) Argument**

As detailed above, the Lufkin Defendants' Motion for Reconsideration constitutes the *fourth* attempt by the Lufkin Defendants to either oppose a Preliminary Injunction (prior to its issuance) or attack the Court's Preliminary Injunction after it was issued. This process of opposing the injunction and then attacking the injunction once issued has spanned nearly five months, has involved dozens of pages of briefing, and has required four separate hearings.

While the Lufkin Defendants had ample opportunity to brief and argue their position in opposition to Dr. Walker's requested preliminary injunction, they have now raised a new argument, for the first time, nearly three months after the Court issued the Preliminary Injunction in their Motion for Reconsideration.[2] Specifically, the Lufkin Defendants now argue that 42 U.S.C. § 11137(c) immunizes them from injunctive relief for the filing of report with the NPDB.[3] The Lufkin Defendants do not dispute the fact that they did not raise, urge, or cite to § 11137(c) in either the briefing opposing Dr. Walker's Request for Preliminary Injunction or the accompanying five hour hearing. (*See, e.g.*, Dkt. No. 50 Lufkin Defendants' Reply Br. at 3 ("Here, neither the parties . . . addressed a crucial immunity.").) This conceded failure to raise § 11137(c) prior to a motion for reconsideration, in and of itself, constitutes a proper basis for finding that the Lufkin

---

[2] As noted above, the Lufkin Defendants first attempted to raise the § 11137(c) argument nearly one month after the Court issued the Preliminary Injunction, however the Court ruled that the Lufkin Defendants' challenge was not then properly before the Court given its posture within a responsive brief and due to certain failures to follow the Court's local rules. (*See* Dkt. No. 36.) The Court observes that the progression of new and disparate counsel coming into this case for Defendants has corresponded roughly with the continuing "new attempts" to undo the preliminary injunction and the seeming unwillingness to recognize the binding consequence of earlier counsel's efforts.

[3] 42 U.S.C. § 11137(c) provides in its entirety: "No person or entity (including the agency designated under section 11134(b) of this title) shall be held liable in any civil action with respect to any report made under this subchapter (including information provided under subsection (a) of this section[)] without knowledge of the falsity of the information contained in the report."

8

Defendants have waived any argument pursuant to such statute. *See*, *e.g, Lupo*, 4 F. Supp. 2d at 645; *U.S. Bank Nat'l Ass'n*, 2012 WL 3034707, at *2; *Johnson*, No. 5:02-cv-103-DF-CMC, Dkt. No. 109 at 3.

The Court's finding that the Lufkin Defendants have waived their § 11137(c) argument is furthered justified by the fact that the Lufkin Defendants make no effort to explain why they failed to previously raise § 11137(c). Indeed, not only do they fail to explain why § 11137(c) was not previously raised, the Lufkin Defendants actually take the surprising step of, both implicitly and explicitly, faulting *the Court* and *Dr. Walker* for *the Lufkin Defendants'* failure to raise this argument. For example, in their initial "Motion for Rehearing," which the Court ruled was not then properly before the Court, the Lufkin Defendants stated that "the Court appeared not to be clear on [the grant of immunity in § 11137(c)] at the hearing." (Dkt. No. 27 at 11.) Additionally, in their Motion for Reconsideration the Lufkin Defendants state that "the Court's [order granting the Preliminary Injunction] did not address § 11137(c) immunity . . ." (Dkt. No. 39 at 6.) The Court observes that perhaps the reason that it was not "clear on" and "did not address" § 11137(c) previously is because the Lufkin Defendants *themselves* failed to raise § 11137(c). Additionally, in their Reply Brief in support of the Motion for Reconsideration the Lufkin Defendants argue that Dr. Walker should have raised § 11137(c) and, in fact, that he violated his ethical obligation to present adverse law by failing to do so. (Dkt. No. 50 at 3 n.4.) Such accusations amount to little more than unpersuasive attempts to circumvent their own failures and the dictates of our adversarial system of justice where each party is responsible to represent and advance their own interests. This waiver lays squarely at the Lufkin Defendants' feet—nowhere else.

Accordingly, in exercising its discretion to grant relief on to a motion pursuant to Rule 60(b), the Court finds that the Lufkin Defendants have waived their § 11137(c) argument by raising

9

it for the first time in a motion for reconsideration. Both the Court and the parties have previously expended considerable time and effort in dealing with this issue. Permitting the parties to raise new arguments that previously could have been raised but were not would disserve the ends of justice.

### C. The Lufkin Defendants' Second Argument Does Not Justify Reconsideration of This Court's Preliminary Injunction

The Lufkin Defendants also argue that the Court's Preliminary Injunction allows Dr. Walker to bypass the exclusive administrative procedures for resolving disputes regarding the filing of NPDB report which Congress has created. (Dkt. No. 39 at 9.) Essentially, the Lufkin Defendants argue that the Court should reconsider the Preliminary Injunction because Dr. Walker failed to exhaust his administrative remedies. (*Id.* at 10 ("Preliminary injunctions regarding NPDB reports undermine the purpose of HCQIA . . . This is particularly true when . . . a health care provider fails to exhaust the appropriate, mandated administrative remedies.").) The Court, however, previously addressed and rejected this "exhaustion of administrative remedies" argument in its Memorandum Opinion and Order granting the Preliminary Injunction. (*See* Dkt. No. 16 at 8–9.) Motions for reconsideration are not the proper vehicles for re-urging or rehashing arguments that have already been advanced. *See, e.g., Lupo*, 4 F. Supp. 2d at 645; *U.S. Bank Nat'l Ass'n*, 2012 WL 3034707, at *2. Such recycled arguments only waste the Court's resources. *State v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). Accordingly, the Court rejects the Lufkin Defendants' "exhaustion of administrative remedies" argument.

### III.  THE LIVINGSTON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 12(B)(1)

In their Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1), the Livingston Defendants argue that the Court lacks subject matter jurisdiction over

them because Dr. Walker has failed to exhaust his administrative remedies. (*See* Dkt. No. 41 at 2–3.) Specifically, the Livingston Defendants argue that the Court should dismiss Dr. Walker's claims against the Livingston Defendants because Dr. Walker has failed to exhaust the administrative remedies provided by the Professional Services Agreement between Dr. Walker and Memorial Livingston, the Memorial Livingston Bylaws, and HCQIA. (*Id.*)

**A.     Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides defendants a vehicle for urging the Court to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In certain situations, failure to exhaust administrative remedies may constitute a jurisdictional defect that should be urged through a Rule 12(b)(1) motion. For example, the Fifth Circuit has held that "[w]henever the Congress statutorily mandates that a claimant exhaust administrative remedies, the exhaustion requirement is jurisdictional because it is tantamount to a legislative investiture of exclusive original jurisdiction in the agency." *See Taylor v. U.S. Treasury Dept.*, 127 F.3d 470, 475 (5th Cir. 1997). Exhaustion of administrative remedies is only a jurisdictional prerequisite, however, when Congress has clearly and unequivocally manifested its intent to require claimants to exhaust such administrative remedies. *Id.* at 476.

In the absence of a clear and unequivocal statutory requirement of exhaustion of administrative remedies, the jurisprudential doctrine of exhaustion controls. *Id.* at 475. The jurisprudential exhaustion of administrative remedies doctrine is a "long settled rule of judicial administration [which mandates] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* at 476. Courts have discretion in applying the jurisprudential exhaustion doctrine, however "the exercise of that discretion is circumscribed in that a court should only excuse a claimant's failure to exhaust

administrative remedies in extraordinary circumstances." *Id.* "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). In *McCarthy*, the Supreme Court of the United States outlined three scenarios in which the individual interest outweighs the institutional interest favoring exhaustion: (1) where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action"; (2) where the agency lacks power to grant effective relief; and (3) where the agency is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 146–148.

The jurisprudential exhaustion of administrative remedies doctrine is "not jurisdictional in nature." *Taylor*, 127 F.3d at 475. Accordingly, where exhaustion of administrative remedies is not a clear and unequivocal jurisdictional prerequisite, a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is improper. *Hager v. NationsBank N.A.*, 167 F.3d 245, 248 n.3 (5th Cir. 1999); *see also Campos v. Insurance & Bonds Agency of Texas*, LLC, SA-12-CV-00799-DAE, 2013 WL 321865, at *4 (W.D. Tex. January 28, 2013).

**B.     Rule 12(b)(1) Is Not the Proper Vehicle for Urging the Court to Exercise Its Discretion to Dismiss Dr. Walker's Claims**

The Livingston Defendants concede in their Reply Brief that exhaustion of administrative remedies under HCQIA is not a congressionally-mandated jurisdictional prerequisite to suit. (Dkt. No. 52 Livingston Defendants' Reply Br. at 1 ("While HCQIA does not explicitly state that exhaustion of remedies is required . . .").) Accordingly, the jurisprudential exhaustion doctrine controls.[4] Since the jurisprudential exhaustion doctrine is "not jurisdictional in nature," *Taylor*,

---

[4] The Court observes that at the hearing on this motion, the Livingston Defendants appeared to argue that Dr. Walker's Professional Services Agreement and the Memorial Livingston bylaws, which allegedly require exhaustion of administrative remedies prior to filing suit, impose a jurisdictional prerequisite to suit. This argument fails. The law

12

127 F.3d at 475, it would be "improper" for this Court to dismiss Dr. Walker's claims against the Livingston Defendants under Rule 12(b)(1) even if he had, in fact, failed to exhaust his administrative remedies. *See Hager*, 167 F.3d at 248 n.3. Therefore, the Court finds that the Livingston Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Under 12(b)(1) should be denied.

## IV. CONCLUSION

For the reasons stated above the Court finds that the Lufkin Defendants' Motion for Reconsideration and Dissolution of the Preliminary Injunction (Dkt. No. 39) and the Livingston Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 41) should be and are hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of June, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

is clear—exhaustion of administrative remedies is a jurisdictional prerequisite to suit only when Congress, not private entities, has clearly and unequivocally mandated that claimants exhaust such remedies. *See Taylor*, 127 F.3d at 475.